UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULYSSES DRAYTON, JR.,
                        Plaintiff,

      -v-

RIVERBAY CORPORATION et al.,
                        Defendants.

17-CV-5455 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Defendant Riverbay Corporation removed this action from New York state court, but Plaintiff Ulysses Drayton argues that the removal was procedurally defective. The parties propose two different solutions: Drayton moves to remand, while Riverbay and its co-defendants argue that the removal was valid or, in the alternative, cross-move for leave to correct the purported deficiency. For the reasons that follow, Drayton's motion is granted and Defendants' motions are denied.

**I.    Background**

Riverbay employs security officers who have been appointed "Special Patrolmen" by the New York City Police Commissioner. (Dkt. No. 1-1 ("Compl.") ¶ 3.) Pursuant to this appointment, Riverbay officers have the authority to make arrests and initiate criminal charges against individuals. (Compl. ¶ 3.) According to the Complaint, Riverbay officers unlawfully stopped and searched Drayton, subjected him to false arrest and imprisonment, and used excessive force against him. (Compl. ¶ 1.)

Drayton filed this action in New York State Supreme Court, Bronx County, against twelve named officers (the "individual defendants"), five unnamed "John Doe" defendants, and Riverbay. (Compl. ¶¶ 1–12; Dkt. No. 1 ¶ 1.) The Complaint asserts claims under federal civil

1

rights statutes as well as New York state common law. Riverbay filed a notice of removal on July 18, 2017. (Dkt. No. 1.) None of the individual defendants joined Riverbay's notice of removal, but Riverbay's notice represented that "all [co-defendants] have consented to the removal to District Court." (Dkt. No. 1 ¶ 9.)

Drayton now moves to remand this case to state court, arguing that Riverbay and its co-defendants failed to meet the statutory requirement that "all defendants . . . must join in or consent to the removal of the action" within 30 days of receiving the Complaint. 28 U.S.C. § 1446(b)(2). In response, Defendants maintain that Riverbay's original expression of consent on behalf of the individual defendants—filed within the 30-day window—was sufficient. Additionally, the individual defendants move for leave to file a supplementary letter expressing their consent to removal (Dkt. No. 16), and all defendants move for leave to amend the original notice of removal to retroactively add the individual defendants' express consent (Dkt. No. 20).

**II.  Legal Standard**

Federal courts are courts of limited jurisdiction, and "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557, 2013 WL 1234958, at *2 (S.D.N.Y. Mar. 26, 2013) (quoting *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006)). As a result, a removing defendant must scrupulously comply with the removal statutes' jurisdictional and procedural requirements. *See, e.g.*, *In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494, 2012 WL 1059395, at *2 (S.D.N.Y. Mar. 29, 2012) ("Although procedural flaws in removal petitions are not jurisdictional, a defendant seeking removal must strictly comply with all of the statutory procedural requirements.").

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the

2

removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)). The removing defendants bear the burden of establishing that removal is proper. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also In re Kiryas Joel*, 2012 WL 1059395, at *2 ("At all times the party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met.").

### III. Discussion

Riverbay removed this action pursuant to 28 U.S.C. § 1441, which allows a defendant to remove a state-court civil action to federal court when the federal court would have had original jurisdiction over the case. The procedures for removal are articulated in 28 U.S.C. § 1446, which requires that notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Id.* § 1446(b)(1). Section 1446 also imposes a rule of unanimity under which "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

The parties do not dispute the various defendants' respective removal deadlines. Riverbay's 30-day clock expired on July 20, 2017, meaning that Riverbay's notice of removal—filed on July 18, 2017—was timely. (Dkt. No. 14, at 3; *see also* Dkt. No. 15-1; Dkt. No. 1 ¶ 1.) The individual defendants' 30-day deadline expired on July 26, 2017. (Dkt. No. 14, at 4; Dkt. No. 15-1.)

Riverbay's timely notice of removal represented that "all [co-defendants] have consented to the removal to District Court." (Dkt. No. 1 ¶ 9.) However, the individual defendants themselves did not take their first action in federal court until July 27, 2017, when they appeared

3

through counsel, filed discovery requests, and answered the Complaint. (Dkt. Nos. 10–12.) Three weeks later, on August 17, 2017, the individual defendants filed a letter motion requesting that "[t]o the extent [the individual defendants' actions in federal court] did not unequivocally communicate the individual defendants' consent to the removal . . . , please accept this letter as expressing that consent." (Dkt. No. 16, at 2.)

Acknowledging that it has not "yet advised what form a consent to removal must take," the Second Circuit has explained that, at minimum, after one defendant removes, "the remaining defendants must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). To fulfill this requirement, "most courts in this district have required 'some form of unambiguous written evidence of consent.'" *L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16 Civ. 3766, 2017 WL 1207839, at *4 (S.D.N.Y. Mar. 31, 2017) (quoting *Baiul v. William Morris Agency, LLC*, No. 13 Civ. 8683, 2014 WL 465708, at *2 (S.D.N.Y. Feb. 3, 2014)).

Under this standard, the individual defendants failed to independently express consent to removal by their July 26 statutory deadline. By definition, the individual defendants cannot "independently express" their consent through Riverbay's unilateral representation. This Court joins the overwhelming majority of courts in this circuit in concluding that Riverbay's "vouching-in" cannot fulfill § 1446's rule of unanimity. *See, e.g.*, *L.Y.E. Diamonds*, 2017 WL 1207839, at *4–5; *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14 Civ. 9059, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015); *Kleinman v. Ozdemir*, No. 13 Civ. 7530, 2014 WL 1327979, at *2 (S.D.N.Y. Apr. 2, 2014); *Bedminster*, 2013 WL 1234958, at *6–7; *In re Kiryas Joel*, 2012 WL 1059395, at *3; *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (E.D.N.Y. 1998). Similarly, the fact that the individual defendants participated in the federal litigation by

filing an answer and discovery requests in no way constitutes unambiguous, written consent to removal. *See L.Y.E. Diamonds*, 2017 WL 1207839, at *5 (holding that "something more is required for a defendant to express unambiguous consent to removal than merely . . . filing documents that do not address consent on the federal docket").

Riverbay's co-defendants did eventually express their unambiguous written consent to removal in their August 17 letter. But this consent came three weeks too late, and the Court cannot excuse this lapse. "There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." *Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15 Civ. 7834, 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (quoting *Codapro*, 997 F. Supp. at 324–25). As a result, "[t]he failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." *In re Kiryas Joel*, 2012 WL 1059395, at *3.

Accordingly, the Court cannot permit Defendants to amend Riverbay's original notice of removal to join the individual defendants. Such an exception would swallow the rule and turn § 1446's 30-day deadline into a dead letter. *See Bedminster*, 2013 WL 1234958, at *7 (collecting cases and rejecting the "unduly creative view of district court authority" that would permit a court to "allow defendants to cure defects in a notice of removal" after the time to file a notice of removal has passed); *see also Patrick v. Porter-Cable Corp.*, No. 10 Civ. 131, 2010 WL 2574121, at *2–3 (D. Conn. Apr. 1, 2010) (rejecting an untimely consent to removal because "[c]ourts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity").

Because the individual defendants missed their opportunity to consent to removal, Defendants cannot satisfy the rule of unanimity. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring "all defendants . . . [to] join in or consent to the removal of the action"). As a result, the Court must remand the entire case—including Defendant Riverbay—to state court.

**IV.  Conclusion**

For the foregoing reasons, the individual defendants' letter motion for leave to file consent to removal is DENIED, Defendants' cross-motion to amend the notice of removal is DENIED, and Drayton's motion to remand to state court is GRANTED.

This case is hereby REMANDED to the Supreme Court of New York, County of Bronx.

The Clerk of Court is directed to close the motions at Docket Numbers 13, 16, and 20, and to close the case.

SO ORDERED.

Dated: October 26, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge